## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JADE PIG VENTURES – EGR, LLC, | CASE NO. 20-cv-831 |
| Plaintiff, | JUDGE |
| v. | **DEFENDANT ATHLETA LLC'S NOTICE OF REMOVAL** |
| ATHLETA LLC, | Removed from the 63rd District Court, Kent County, Michigan, Case No. D20C03119-LT, Judge O'Hara |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Athleta LLC ("Athleta"), expressly reserving all questions other than that of removal, hereby removes the above-captioned action from the 63rd District Court, Kent County, Michigan to the United States District Court for the Western District of Michigan, and in support thereof states as follows:

1.      On July 1, 2020, Plaintiff Jade Pig Ventures – EGR, LLC ("Jade Pig") filed a complaint against Athleta in the 17th Circuit Court, Kent County, Michigan, Case No. 20-04417-CBB (the "Rent Lawsuit"), asserting a claim for breach of contract against Athleta for unpaid rent on the premises located at 2213 Wealthy Street SE, Suite 100, East Grand Rapids, Michigan 49506 (the "Premises"). That case was removed from the 17th Circuit Court, Kent County, Michigan to the United States District Court for the Western District of Michigan, commencing Case No. 20-cv-00664.

{9050144: }

2. On August 11, 2020, Jade Pig filed this complaint (the "Eviction Complaint") against Athleta in the 63rd District Court, Kent County, Michigan, Case No. D20C03119-LT (the "Eviction Lawsuit"), seeking to evict Athleta from the Premises based on nonpayment of rent. On August 21, 2020, Athleta received the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Eviction Complaint received by Athleta in the Eviction Lawsuit are attached hereto and incorporated herein as **Exhibit 1**.

3. Removal is proper under 28 U.S.C. §§ 1441(a) and 1332 because Jade Pig and Athleta are citizens of different States and the amount in controversy of the Lawsuit is in excess of $75,000.00, exclusive of interest and costs. Furthermore, the Rent Lawsuit and the Eviction Lawsuit should be consolidated in this Court, as they involve common questions of fact and stem from the same transaction or occurrence.

4. Jade Pig purports to allege a claim for eviction against Athleta for possession of the Premises. Jade Pig's eviction claim centers upon a written Lease dated August 30, 2017 (the "Lease") for the Premises. *See* Exhibit A to Eviction Complaint at **Exhibit 1-A**.

5. This Court has jurisdiction over this Lawsuit pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because there is complete diversity of citizenship between Jade Pig and Athleta and the amount in controversy exceeds $75,000.00.

**I.     DIVERSITY OF CITIZENSHIP**

6.     Where an action involves a limited liability company, like this Lawsuit, such company is considered a citizen of every jurisdiction of which any member is a citizen. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

7.     Upon information and belief, and based upon other court filings, the members of Jade Pig are Scott D. Wierda ("Wierda"), an individual who resides in Michigan, and/or Brian G. DeVries ("DeVries"), an individual who resides in Michigan. Wierda and DeVries are citizens of Michigan and, therefore, Jade Pig is a citizen of Michigan.

8.     The Eviction Complaint filed in the Eviction Lawsuit does not provide the state(s) of which the member(s) of Jade Pig is/are citizens, but, upon information and belief, none of Jade Pig's members are citizens of California or Delaware.

9.     Athleta is a Delaware limited liability company with its principal place of business in San Francisco, California. Athleta's sole member, The Gap, Inc. ("Gap"), is a Delaware corporation with its principal place of business in San Francisco, California. Gap is a citizen of Delaware and California and, therefore, Athleta is a citizen of Delaware and California.

10. Accordingly, for removal purposes, Jade Pig is a citizen of Michigan, and Athleta is a citizen of Delaware and California. The parties therefore are completely diverse and were so at the time the Lawsuit was filed.

## II. AMOUNT IN CONTROVERSY

11. For an eviction/non-monetary claim under which a party seeks possession of real property, like Jade Pig's sole claim in this Eviction Lawsuit, the amount in controversy determination is based upon the monetary value of the object of the litigation. *Northup Properties, Inc. v. Chesapeake Appalachia, L.L.C.,* 567 F.3d 767, 770 (6th Cir. 2009) (it is well-settled law that in a case involving a non-monetary claim, courts "measure the amount in controversy by 'the value of the object of the litigation.'") (citation omitted). *See Poplar Avalon, LLC v. Sprintcom, Inc.*, W.D. Tennessee No. 2:16-cv-2393, 2016 WL 3661571, *3 (July 5, 2016) (finding jurisdiction over a forcible entry and detainer action because, from plaintiff's perspective, the economic value of the rights that plaintiff seeks to protect is the value of defendant's leasehold rights to possess the property).[1] In *Poplar Avalon, LLC*, the economic value of the leasehold rights to possess the property may be measured by any of the following tests: "the rent due for the existing lease term, the rent for the remainder of the lease including any renewal terms." *Id.* *1.

---

[1] *See also*, *CP Commercial, LLC* cases, U.S. District Court, N.D. Ohio Case Nos. 20-cv-01321, 20-cv-01323, and 20-cv-01327 (removal of forcible entry and detainer actions was appropriate on the same bases alleged herein in other landlord/tenant litigation against The GAP, Inc. and its affiliates).

12. In the Eviction Complaint, Jade Pig alleged that Athelta was in arrears in the amount of $42,680.28 as of August 11, 2020. Jade Pig's alleged damages continue to accrue because Athleta continues not to pay rent in full as it becomes due.

13. Based on Athleta's calculations, as of the date of this Response, the accrued base rent and CAM owed for April, May, June, July, and August 2020 totals an amount not less than $42,073.14.[2] This amount is exclusive of other required payments, late fees, and any expenses that Jade Pig alleges it is entitled to in conjunction with enforcing the Lease, including its attorneys' fees.

14. With regard to the Eviction Complaint, the amount-in-controversy is the remaining value of the leasehold interest, in addition to the alleged back rent and other damages.

15. Pursuant to the Lease, the original lease term is "a period of five (5) Lease Years, commencing on the Commencement Date."[3] The original Lease term ends on November 30, 2022. The Lease further provides for an option to extend the term for an additional five (5) years. The base rent due for the existing lease term is $6,549.00 per month, and the base rent for the five-year option period is $7,868.67 per month.[4] Pursuant to the Lease, the total monthly rent includes the applicable base rent, plus other required payments, as well as interest and late

---

[2] See attached Exhibit 2, Declaration of Bryan Dyer.
[3] Lease, Exhibit 1-A, p. 1.
[4] Lease, Exhibit 1-A, p. 12.

{9050144: } 5

fees.[5] Section 28.13 of the Lease provides that the prevailing party in litigation arising from enforcement of the Lease is entitled to its "costs of suit and reasonable attorneys' fees."

16. The total amount remaining under the Lease from April 1, 2020 through November 30, 2027, the end of the Option Term, is at least $964,449.68, an amount far exceeding the jurisdictional amount in controversy.

17. Under any of the tests set forth in *Poplar Avalon, LLC* to determine the amount in controversy, the jurisdictional requirement under 28 U.S.C. § 1332(a) is easily satisfied.

### III. TIMELINESS OF REMOVAL

18. Athleta received a copy of the Summons and Eviction Complaint in the Lawsuit on August 21, 2020.

19. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of Athleta's notice and receipt of the Eviction Complaint.

### IV. VENUE IS PROPER

20. The Lawsuit was filed in the 63rd District Court, Kent County, Michigan and, therefore, venue is proper in this Court pursuant to 28 U.S.C. §§ 115(a), 1391, 1441(a), and 1446.

---

[5] Lease, Exhibit 1-A, p. 12.

{9050144: } 6

## V. NOTICE TO PLAINTIFF AND THE STATE COURT

21. Contemporaneously with the filing of this Notice of Removal, and pursuant to 28 U.S.C. § 1446(d), written notice of this filing and any attendant supplementary papers required by this Court will be provided to Jade Pig, and a copy of the Notice of Removal will be filed with the 63rd District Court, Kent County, Michigan.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Athleta hereby removes this action from the 63rd District Court, Kent County, Michigan to the United States District Court for the Western District of Michigan, and requests that this action proceed as properly removed to this Court.

Dated: August 28, 2020            Respectfully submitted,

/s/ Timothy J. Lowe
MCDONALD HOPKINS, PLC
Timothy J. Lowe (P68669)
Mark W. Steiner (P78817)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
(248) 646-5070
tlowe@mcdonaldhopkins.com
msteiner@mcdonaldhopkins.com

and

MICHAEL GEIBELSON (admission pending)
DANIEL ALLENDER (admission pending)
ROBINS KAPLAN LLP
2049 Century Park East
Suite 3400
Los Angeles, California 90067
Phone: 310.552.0130
Fax:   310.229.5800
Email:    mgiebelson@robinskaplan.com
          dallender@robinskaplan.com

*Counsel for Defendant
Athleta LLC*

## **CERTIFICATE OF SERVICE**

I certify that on August 28, 2020, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the E-Filing System which will send notification of such filing to all counsel of record.

>By: /s/ Timothy J. Lowe
>Timothy J. Lowe (P68669)